UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OZIE C. CARGILE II,

       Plaintiff,

v.

       Case No. 09-14317
       Hon. Gerald E. Rosen
       Magistrate Judge R. Steven Whalen

JP MORGAN CHASE & CO.,

       Defendant.
_____/

ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on        January 4, 2011

PRESENT: Honorable Gerald E. Rosen
                 Chief Judge, United States District Court

On November 23, 2010, Magistrate Judge R. Steven Whalen issued a Report and Recommendation ("R & R") recommending that the Court grant Defendant's motion for summary judgment and dismiss Plaintiff's complaint with prejudice. Plaintiff filed objections to the R & R on December 6, 2010, and Defendant filed a response to these objections on December 16, 2010. As discussed briefly below, the Court finds no merit in Plaintiff's objections. Rather, the Court fully concurs in the analysis of the Magistrate Judge, and adopts the R & R in its entirety.

Plaintiff first objects that the Magistrate Judge erred in dismissing his discussion of the "fractional-reserve" banking system as "abstruse and irrelevant." (*See* R & R at 7.)

Instead, Plaintiff insists that this discussion is "crucially relevant to this case." (Plaintiff's Objections at 2.) Yet, even acknowledging Plaintiff's point that "fractional-reserve" banking practices informed the development of the statutory and regulatory scheme that governs Defendant and other national banks, there is no need to resort to such matters of first principle here. Rather, as the Magistrate Judge ably explains in the R & R, the proper disposition of Plaintiff's claims in this case is determined by resort to a regulation that expressly defines "interest," the central term at issue here. (*See* R & R at 5-6 (quoting and discussing 12 C.F.R. § 7.4001(a)).) Although Plaintiff reads this regulation as failing to "categorically exclude overdraft fees" from its definition of "interest," (Plaintiff's Objections at 4), the Court finds no error in the Magistrate Judge's interpretation of this regulation as excluding overdraft fees of the sort charged by Defendant here — an interpretation which, as noted in the R & R, enjoys unanimous support in the case law and comports with the view of the agency that promulgated the regulation, the Office of the Comptroller of the Currency ("OCC"). (*See* R & R at 6-7.)

Plaintiff next contends that Defendant's account rules "do not state th[at] overdraft fees are non-interest charges," but to the contrary "refer to such fees a[s] interest multiple times." (Plaintiff's Objections at 3.) Notably, however, Plaintiff fails to direct the Court's attention to any language in Defendant's account rules that equates overdraft fees and interest. Rather, as observed in the R & R, the account rules provide that either an "Insufficient Funds" or a "Returned Item" fee will be charged when there are insufficient funds in an account to cover a check, and that the account holder is obligated to "pay the

amount of the overdraft together with any fee and accrued interest identified in this Agreement immediately" after an account is overdrawn. (*See* R & R at 3 (quoting Defendant's Account Rules and Regulations).) This language in Defendant's account rules, when read against the backdrop of the OCC regulations that define "interest," 12 C.F.R. § 7.4001(a), and that confirm the authority of national banks to impose "non-interest charges and fees, including deposit account service charges," 12 C.F.R. § 7.4002(a), provides ample support for the Magistrate Judge's conclusion that the overdraft fees imposed by Defendant upon Plaintiff did not constitute "interest" under the National Banking Act.

Finally, Plaintiff objects to the notion that, by virtue of opening accounts with the Defendant bank, he necessarily "agreed" to what he characterizes as the "egregious acts committed against him" by Defendant based on its interpretation of its account rules. (Plaintiff's Objections at 2.) Yet, nothing in the Magistrate Judge's rulings turns upon Plaintiff's "agreement" to the terms and conditions set forth in Defendant's account rules. Rather, the Magistrate Judge simply decided a legal issue that is central to both of the claims asserted in Plaintiff's complaint — namely, whether the overdraft fees charged by Defendant are properly characterized as "interest," such that they may not exceed the rate of interest allowed under the National Banking Act. While Plaintiff suggests in his objections to the R & R that Defendant's account rules are "one-sided" and "unconscionable," (*id.* at 5-6), he advanced no such challenges to the overall enforceability of the account rules in his complaint, but instead alleged only that these

3

rules, as applied to impose interest disguised as "overdraft fees," were employed in a manner that violated federal law. The Court fully concurs in the Magistrate Judge's conclusion that they were not.

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's November 23, 2010 Report and Recommendation is ADOPTED as the opinion of this Court, as supplemented by the rulings in the present order. IT IS FURTHER ORDERED that, for the reasons stated in the R & R and this order, Defendant's August 2, 2010 motion for summary judgment (docket #20) is GRANTED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: January 4, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 4, 2011, by electronic mail and upon Ozie C. Cargile, II, 2804 Coolidge Highway, Apt #24, Royal Oak, MI 48073 by ordinary mail.

s/Ruth A. Gunther
Case Manager